UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE LETROY BERRY,

   Plaintiff,        Case No. 2:16-cv-14495
                Hon. Matthew F. Leitman
v.

CRAIG A. DALY and
DAVID M. LAWSON,

   Defendants.

_____/

**AMENDED OPINION AND ORDER (1) GRANTING PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS* (ECF #2), (2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF A GUARDIAN (ECF #4), (3) SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF #1) WITHOUT PREJUDICE, (4) TERMINATING AS MOOT PLAINTIFF'S MOTION FOR EX PARTE HEARING FOR PRE-TRIAL MANAGEMENT (ECF #5) AND (5) CERTIFYING THAT ANY APPEAL COULD NOT BE TAKEN IN GOOD FAITH**

On November 19, 2015, Plaintiff Duane Letroy Berry ("Berry") was indicted in a criminal case in this Court. *See United States v. Berry*, No. 2:15-cr-20743, ECF #12 (E.D. Mich. Nov. 19, 2015). The case was assigned to United States District Judge David M. Lawson. During those proceedings, Judge Lawson held a hearing to determine whether Berry was competent to stand trial (the "Competency Hearing"). Judge Lawson found Berry incompetent to stand trial and ordered that Berry be committed for treatment pursuant to 18 U.S.C. §4241(d) (the "Commitment

Order"). *See id.* at ECF #45 (E.D. Mich. August 30, 2016). Thereafter, Berry filed a petition for a writ of habeas corpus (the "Habeas Proceeding"). *See Berry v. United States*, No. 2:16-cv-12041, ECF #1 (E.D. Mich. June 2, 2016). On October 18, 2016, Judge Lawson denied the petition. *See id.* at ECF #13 (E.D. Mich. Oct. 18, 2016). Pursuant to the Commitment Order, Berry is currently housed at the Butner Federal Medical Center in Butner, North Carolina.[1]

On December 28, 2016, Berry filed a *pro* se complaint (the "Complaint") in this action against Craig A. Daly ("Daly"), his criminal defense attorney in the case before Judge Lawson, and Judge Lawson (collectively, "Defendants"). (*See* Compl., ECF #1.) In the Complaint, Berry alleges that during the Competency Hearing a psychologist erroneously testified that he "suffered from Delusional Disorder, Mixed Type, First Episode in which [his] thinking was affected by his paranoid ideation [that] he is the primary trustee of a trust that owns every Bank of America branch and asset around the world." (*Id.* at 4, Pg. ID 4.) Berry insists that he is, in fact, the primary trustee of Bridgewater Capital Trust, which owns Bank of America's assets, and he claims that he was thus committed for a condition he never had. (*See id.*) He also alleges that Defendants have abused their authority and retaliated against him because he placed a civil lien on their assets. (*See id.* at 5, Pg.

---

[1] In an earlier version of this order, the Court said that Judge Lawson civilly committed Berry. (ECF #6 at 1-2, Pg. ID 56-57.) That was incorrect.

2

ID 5.) Finally, he claims that Defendant Daly did not communicate with him for more than nine months before the Competency Hearing and that Daly deprived him of an opportunity to present evidence, to subpoena witnesses, and to testify at that hearing. (*See id.*)

Berry concludes the Complaint with three requests for relief: (1) an emergency hearing to prove his identity, (2) an immediate injunction forcing "the Defendant" (presumably Judge Lawson) to recuse himself, and (3) an immediate injunction ordering "the Defendant" (again, presumably Judge Lawson) to grant habeas relief in the Habeas Proceeding. (*Id.* at 6, Pg. ID 6.)

Berry has also filed an application to proceed without prepayment of fees and costs (the "Application"), (*See* ECF #2), and a motion for appointment of a guardian *ad litem* (the "Motion"). (*See* ECF #4.) For the reasons stated below, the Court **GRANTS** the Application, **DENIES** the Motion, and **DISMISSES** the Complaint **WITHOUT PREJUDICE.**

I

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding ... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.*

3

In the Application, Berry states that he is employed by Bridgewater Capital Trust & Bank of America in Clinton Township, Michigan, but that his salary has been deferred until 2018. (*See* Application, ECF #2 at 1-2, Pg. ID 46-47.) He further states that he has not received any money from various sources in the past twelve months and that he does not own any valuable property. (*See id.*) An official at the Butner Federal Medical Center has certified that Berry has $161.17 in his trust fund account at the Center. (*See id.*) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause Berry an undue financial hardship. The Court therefore **GRANTS** the Application and permits Berry to file his Complaint without prepaying the filing fee.

## II

Berry seeks appointment of a guardian *ad litem* pursuant to Federal Rule of Civil Procedure 17(c)(2) ("Rule 17(c)(2)"). In relevant part, Rule 17(c)(2) provides that "[t]he court must appoint a guardian *ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Under Rule 17(c)(2) a district "court should not enter a judgment *which operates as a judgment on the merits*" without appointing a guardian for a mentally incompetent party. *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) (emphasis added); *see also Berrios v. New York City Housing Authority*, 564 F.3d 130, 134-35 (2nd

Cir. 2009) (where *pro so* plaintiff is incompetent, district court may not enter a dismissal on the merits that has *res judicata* effect without first appointing guardian).

Here, as explained below, this Court is dismissing Berry's Complaint *without prejudice* under 28 U.S.C. § 1915(e)(2) ("Section 1915(e)(2)") because his claims are frivolous. Such a dismissal of a *pro se* complaint for frivolousness under Section 1915(e)(2) is "not a dismissal on the merits." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)[2]; *Stephens v. Hayes*, 374 Fed. App'x 620, 622 (6th Cir. 2010) (same). Because the Court is dismissing the Complaint without prejudice and is not entering a judgment on the merits, the Court has the discretion to deny Berry's request to appoint a guardian *ad litem. See, e.g., Moreno v. Perez*, 2016 WL 1000318, at *2 (C.D. Cal. March 14, 2016) (dismissing complaint by incompetent plaintiff without prejudice under Section 1915(e)(2) and holding that "[t]he Court need not appoint a guardian" because it was "clear that no substantial claim can be raised on Plaintiff's behalf based on the allegations of the [complaint]"); *Merritt v. McKenney*, 2013 WL 4552672, at **4-5 (N.D. Cal. 2013) (same); *Mahoney v. State of New Hampshire*, 2015 WL 3794854, at *2 (D.N.H. June 17, 2015) (same); *Vasquez v. New York State Office of Mental Health*, 2016 WL 1312567, at *5 n. 5 (N.D.N.Y. April 4, 2016)

---

[2] At the time of the decision in *Denton*, the statutory provision for dismissal of a frivolous *in forma pauperis* complaint was 28 U.S.C. § 1915(d). *See Denton*, 504 U.S. at 27 (identifying statute). That provision is now found in Section 1915(e)(2). *See Brown v. Bargery*, 207 F.3d 863, 866, n. 4 (6th Cir. 2000).

(same); *see also*, *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (explaining that inquiry into whether to appoint guardian for a *pro se* litigant under Rule 17(c)(2) "would usually occur after the preliminary merits screening under … 28 U.S.C. 1915(e)(2)"). The Court exercises its discretion not to appoint a guardian *ad litem* here because – since Berry's claims are patently frivolous – such an appointment would add unnecessary expense and delay to these proceedings. Accordingly, Berry's motion for appointment of a guardian *ad litem* (ECF #4) is **DENIED**.

### III

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).[3] A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[3] Berry contends that even though he is incarcerated, he is not a "prisoner" under the Prison Litigation Reform Act and that the Court thus need not screen the Complaint under 28 U.S.C. § 1915A. (Compl., ECF #1 at ¶11, Pg. ID 5.) The Court has serious doubts about that assertion, but it need not resolve whether screening is required under 28 U.S.C. § 1915A because, as described below, the Court dismisses the Complaint under the separate screening required by Section 1915(e)(2).

The Complaint here is frivolous because, among other things, it fails to provide any "arguable basis" for the three types of injunctive relief that Berry seeks. To begin, Berry's requests for injunctive relief do not make sense as applied to Daly. Daly is a private defense attorney who does not have the power to grant habeas relief, convene evidentiary hearings, or officially confirm Berry's identity.

There is likewise no "arguable basis" for the relief sought against Judge Lawson. Judge Lawson is immune from Berry's claims under the well-established doctrine of judicial immunity. Under that doctrine, Judge Lawson enjoys both immunity from liability and immunity from suit, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991), and this immunity protects Judge Lawson even though Berry seeks injunctive relief rather than money damages. *See Kipen v. Lawson*, 57 Fed. App'x 691, 691 (6th Cir. 2003) (citing *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000)).

Berry has not come close to overcoming Judge Lawson's judicial immunity. Such immunity "is overcome in only two sets of circumstances," *Mireles*, 502 U.S. at 11-12, and neither circumstance is even arguably present here. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id.* at 11. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. Here, Judge Lawson has had jurisdiction over Berry's criminal case and his habeas case at

all relevant times, and Judge Lawson was plainly acting in his judicial capacity in all of his challenged interactions with Berry.

Moreover, it is absolutely clear that the undersigned has no authority to grant injunctive relief against Judge Lawson compelling Judge Lawson to take action in a case assigned to Judge Lawson. For all of these reasons, Berry's claims against Daly and Judge Lawson are "frivolous."

Because all of the claims and requests for relief in the Complaint are frivolous, the Complaint is **DISMISSED WITHOUT PREJUDICE** under Section 1915(e)(2)(B).

Because the Court is dismissing the Complaint, Berry's Motion for Ex Parte emergency Hearing for Pre-Trial Management (ECF #5) is **TERMINATED AS MOOT.**

Finally, the Court certifies that any appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: January 30, 2017

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 30, 2017, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda  
                                              Case Manager  
                                              (313) 234-5113